*742 OPINION.
Littleton:
Petitioner’s debtors were persons engaged exclusively in the sugar industry. During the year 1921, as a result of the decline in the price of sugar during 1920 and 1921, petitioner’s debtors found themselves in the year 1921 without funds with which to make payment on their accounts. Many of these accounts represented bills for machinery contracted for early in 1920 when the price of sugar- was high and payable in the year 1921. During and at the end of 1921 petitioner knew that a considerable amount of its accounts receivable could never be collected. The Revenue Act of 1918 did not permit the setting up of a reserve for bad debts, and the Revenue Act of 1921 was not enacted until November 23, 1921. By that time petitioner was in such a dilemma concerning the matter, whether it would ever be able to collect the debts due it, that at the end of the year, instead of setting up a reserve as of January 1, 1921, and crediting thereto a reasonable addition at December 31, 1921, the directors, who were thoroughly familiar with the facts and circumstances surrounding the notes and accounts receivable, concluded that less than 50 cents on the dollar could be recovered thereon and determined that 25 per cent of the accounts receivable represented a conservative charge-off at December 31, 1921. This percentage amounted to $21,590.77. This amount was claimed as a deduction *743 from gross income for 1921. Petitioner now claims that it was justified from the facts known to it in setting up a reserve of $9,121.94 at January 1, 1921; that it should now be permitted to set up this reserve and to deduct from gross income of 1921 the amount of $12,468.83 representing a reasonable addition to such reserve at the end of the year. We think from the evidence that it should be permitted to do this. From the facts known the petitioner would have been justified at the end of 1921 in charging off in part the debts due it in an amount at least equal to the amount which it now claims. The amount of $12,468.83 claimed as a deduction as an addition to its reserve for bad debts is in the opinion of the Board reasonable and should be allowed.
Reviewed by the Board.
Judgment will be entered on 15 days’ notice, under Bule 50.